CITY OF HAMILTON, APPELLEE, *v.* VAN GORDON ET AL., APPELLANTS.[*]

(No. 1112—Decided May 29, 1959.)

*Mr. Clem Imfeld, Jr.,* for appellee.
*Mr. Robert L. Marrs,* for appellants.

---

[*]Motion to certify the record overruled, December 9, 1959.

MATTHEWS, P. J. This is an appeal by the Board of County Commissioners of Butler County in an action for a judgment declaring the rights and duties of the city of Hamilton and Butler County under certain statutes respecting the repair of a certain bridge located within the territorial limits of that municipality. The trial court found and declared it to be the duty of the county to make the repairs.

It appears from the record that "B" Street is entirely within the territorial limits of the city of Hamilton, both termini being at the municipal limits and connecting with state roads, constituting a part of the state highway system. On "B" Street is a bridge spanning Two-Mile Creek. During a recent heavy rain a pier of the bridge was washed out, so damaging the bridge that it is now impassable.

There is no bill of exceptions, no agreed statement of facts, and no stipulation of facts, excepting as to the amount of money received by the county during certain years from the automobile license tax and the gasoline tax. In its judgment entry the court recited that the cause had come on for hearing upon "the petition of the plaintiff for a declaratory judgment; the answer of the defendants; an agreed statement of facts; a stipulation entered into by the parties; and the evidence presented to the court."

Such being the state of the record, we must assume that the evidence was sufficient to support all the findings of fact made by the court. However, there does not seem to be any real dispute as to the facts.

We quote the entire judgment of the court:

"This matter came on for hearing on the petition of the plaintiff for a declaratory judgment; the answer of the defendants; an agreed statement of facts; a stipulation entered into by the parties; and the evidence presented to the court, the court upon consideration thereof finds:

"1. That Sections 5591.02 and 5591.21 of the Ohio Revised Code are operative sections and have not been repealed by implication by the enactment of the statutes creating the auto license tax or the gasoline tax.

"2. That Section 5591.02 and Section 5591.21 provided that the Board of County Commissioners shall repair all necessary

bridges in municipal corporations on improved roads which are of general and public utility running into or through such municipal corporation.

"3. That 'B' Street is an improved road of general and public utility in the Hamilton municipal corporation.

"4. That 'Two Mile' bridge is a necessary bridge in the Hamilton municipal corporation on 'B' Street.

"It is therefore found and declared that it is the duty and responsibility of the Butler County Commissioners to repair the bridge located on 'B' Street in the city of Hamilton, Ohio."

The real controversy in this case is whether, by virtue of the changes in the tax structure of the state, Sections 5591.02 and 5591.21 of the Revised Code have been repealed by implication. It is conceded that there has been no express repeal. These sections are as follows:

Section 5591.02. "The Board of County Commissioners shall construct and keep in repair all necessary bridges in municipal corporations not having the right to demand and receive a portion of the bridge fund levied upon property within such corporations, on all state and county roads and improved roads which are of general and public utility, running into or through such municipal corporation."

Section 5591.21. "The Board of County Commissioners shall construct and keep in repair necessary bridges over streams and public canals on or connecting state, county, and improved roads, except only such bridges as are wholly in municipal corporations having by law the right to demand, and do demand and receive, part of the bridge fund levied upon property therein. If they do not demand and receive a portion of the bridge tax, the board shall construct and keep in repair all bridges in such municipal corporations. The granting of the demand made by any municipal corporation for its portion of the bridge tax is optional with the board.

"The board may submit to the electors the question of issuing county bonds for the construction of bridges on proposed state or county roads or connecting state or county roads, one or more of which may be proposed, but such bonds shall not be issued or sold until the proposed roads are actually established.

"When the board deems it unnecessary in the construction of any bridge and the approaches thereto to acquire the entire

land upon and over which the same shall be located, it may acquire such part of the land and easements and rights in the remainder thereof as are necessary and sufficient for such construction.''

These sections (formerly Sections 7557 and 2421, General Code) were re-enacted as part of the Revised Code.

It is said that because of the discontinuance of the tax levy by that name for construction and repair of bridges, the county has no funds available and that therefore it is relieved of its duty.

If no funds are available at the time, the commissioners are blameless for failure to repair the bridge. The fault, if any, rests upon the electorate. Whether there are sufficient unappropriated funds in the treasury to enable the county to do this work does not appear. If it did, it would be of no assistance in determining whether those sections still express the will of the Legislature. Money in a public treasury is notoriously transitory, and, if Butler County has for the time exhausted its power to levy, that fact has no bearing whatever upon the issue before the court.

While the duty to build and repair bridges is mentioned in the same section as the tax fund to be expended for that purpose, manifestly the two are entirely separate and distinct, so that any legislation, either express or implied, affecting the one would have no effect upon the other.

While the existence of funds with which to discharge the duty is irrelevant to the question of whether the sections have been repealed, it is pointed out that, in the automobile license tax and the gasoline tax, the county receives large sums that are dedicated expressly to road and bridge building and repairs, and, furthermore, it receives every year accretions to the general fund.

We find it unnecessary to cite cases on the subject of repeal by implication. We find no irreconcilable conflict between or among these sections of the Revised Code.

We find no error in the record.

The declaratory judgment is affirmed.

*Judgment affirmed.*

O'CONNELL, J., concurs.